IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| ARNOLD LOGISTICS, LLC, | ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and race, and to provide appropriate relief to the employees who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant Arnold Logistics, LLC ("Defendant" or "Arnold Logistics"), discriminated against Jennifer Gallion ("Charging Party" or "Gallion") and a class of female employees by subjecting them to harassment because of their sex. The Commission also alleges that Tiffany Waller ("Waller") was constructively discharged by Defendant due to the sexual harassment. The Commission also alleges that Gallion was discriminated against by being subjected to different terms and conditions of employment because of her race, Black. The Commission also alleges that Defendant retaliated against Gallion for engaging in protected activity by terminating her employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343

1

and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Arnold Logistics, LLC has continuously been and is now doing business in the State of Illinois and the cities of Joliet and/or Monee, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Arnold Logistics, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Gallion filed a charge with the Commission alleging violations of Title VII by Arnold Logistics. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, Defendant has engaged in unlawful employment practices at its facility in Joliet, Illinois, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

Such unlawful employment practices include, but are not limited to, the following:

    a.) subjecting Gallion and a class of female employees to harassment because of their sex;

    b.) constructively discharging Waller due to the sexual harassment;

    c.) subjecting Gallion to different terms and conditions of employment because of her race, Black; and

    d.) retaliating against Gallion (termination) for engaging in protected activity.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Gallion and a class of female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The effect of the practices complained of in paragraph seven (7) above has been to deprive Gallion of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

10. The unlawful employment practices complained of in paragraph seven (7) were and are intentional.

11. The unlawful employment practices complained of in paragraph seven (7) above were and are done with malice or with reckless indifference to the federally protected rights of Gallion, Waller and a class of female employees.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Arnold Logistics, LLC, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex, race and/or retaliation;

B.  Order Defendant Arnold Logistics, LLC, to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and African Americans, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendant Arnold Logistics, LLC to make whole Gallion and Waller by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.  Order Defendant Arnold Logistics, LLC to make whole Gallion and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.  Order Defendant Arnold Logistics, LLC to make whole Gallion and a class of female employees by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.  Order Defendant Arnold Logistics, LLC to pay Gallion and a class of female employees punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

F.  Prohibit Defendant Arnold Logistics, LLC from discriminating against any individual for engaging in protected activity under Title VII of the Civil Rights Act of 1964, or for opposing practices made unlawful by Title VII, or for participating in this lawsuit;

H.  Grant such further relief as the Court deems necessary and proper in the public interest; and

I.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
131 M Street, NE
Washington, DC 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Aaron R. DeCamp
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2000
Chicago, Illinois 60661
(312) 353-7582